IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Matthew Cabbil, | ) | C/A No. 1:14-4122-JMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| The United States of America, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The plaintiff, Matthew Cabbil ("Plaintiff"), a self-represented litigant, brings this action alleging that he has been victimized by unknown individuals or entities. (ECF No. 1 at 3.) This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff seeks to proceed *in forma pauperis* under 28 U.S.C. § 1915. (ECF No. 2.) Having reviewed the Complaint and motion to proceed *in forma pauperis* in accordance with applicable law, the court concludes that the Complaint should be summarily dismissed without prejudice and without issuance and service of process and Plaintiff's motion to proceed without prepayment of the filing fee should be denied.

**I.      Procedural Background**

Plaintiff filed an Application to Proceed in District Court Without Prepaying Fees or Costs (Form AO-240), which is construed as a Motion for Leave to Proceed *in Forma Pauperis*. (ECF No. 2.) In his motion, Plaintiff states that he is a dependent who may receive income from an unspecified source. (Id. at 1.) Plaintiff indicates that the has approximately $1,500 in a savings or checking account and lists an automobile as his sole asset. (Id. at 2.) Plaintiff states that he has no regular monthly expenses, debts, or financial obligations. (Id.)

Plaintiff's Complaint alleges that he has been "victimized by a psychological operation involving directed energy weaponry . . . known as Blue Beam." (ECF No. 1 at 3.) Plaintiff claims that he has "been unable to discern which personnel are directly responsible," but believes that "[w]hat is happening could only be performed under orders from the Executive Branch." (Id. at 6-7.) Plaintiff claims that his "private and public life have been impeded by the psychological operation" and he attaches over two hundred pages of "excerpts from [his] own findings, incidents, relevant people, places, things, and news items" as alleged evidence of the existence of Blue Beam and "the larger conspiracy" to which this energy weaponry is connected. (Id. at 3, 7; see also ECF Nos. 1-1 to 1-4.) Plaintiff seeks injunctive relief "that can address the scope of the issue." (ECF No. 1 at 5, 7.)

II.     Discussion

    A.     **Motion to proceed *in forma pauperis***

Grants or denials of applications to proceed *in forma pauperis* are left to the discretion of federal district courts. See Dillard v. Liberty Loan Corp., 626 F.2d 363, 364 (4th Cir. 1980). A litigant is not required to show that he is completely destitute in order to qualify as an indigent within the meaning of 28 U.S.C. § 1915(a). Adkins v. E.I. Du Pont de Nemours & Co., 335 U.S. 331, 337-44 nn.5-10 (1948). Further, "there are no 'magic formulas' for making the determination that the requisite in forma pauperis status is present, but instead, there is required a careful scrutiny and weighing of all the relevant facts and circumstances involved in each particular situation." Carter v. Telectron, Inc., 452 F. Supp. 939, 942 (S.D. Tex. 1976) (citation omitted). Citing Adkins and cases in the Third and Fifth Judicial Circuits, Carter set forth a three-part list of discretionary factors to be evaluated under 28 U.S.C. § 1915(a): "Is petitioner barred from the Federal Courts by reason of his impecunity? Is access to the courts blocked by the imposition of an undue hardship?



Is petitioner forced to contribute his last dollar, or render himself destitute to prosecute his claim?" Carter, 452 F. Supp. at 943 (citations omitted).

Upon review of the information before the court, and mindful of the tests set forth in Carter, the court has concluded that Plaintiff would not be rendered destitute by being required to pay the filing costs of $400 (which includes the $50 administrative fee), nor is there any indication that requiring payment of these costs would impose an undue hardship or effectively block Plaintiff's access to the courts. The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without [a] legal remedy if such privilege were not afforded to them." Brewster v. N. Am. Van Lines, Inc., 461 F.2d 649, 651 (7th Cir. 1972). Therefore, Plaintiff's motion should be denied. (ECF No. 2.)

    **B.**     **Complaint**

        **i.**     **Standard of Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint. This court is required to liberally construe pro se complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

*PJG*

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

Moreover, even when a Plaintiff pays the filing fee, the court possesses the inherent authority to ensure that a plaintiff has standing, that federal jurisdiction exists, and that a case is not frivolous. See Mallard v. U.S. Dist. Court, 490 U.S. 296, 307-08 (1989) ("Section 1915(d) . . . authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision.").

### ii.     Analysis

As an initial matter, the court notes that this is the second civil action filed by Plaintiff in this court against the United States for injuries allegedly caused by a project or operation known as Blue Beam. See Cabbil v. United States of America, C/A No. 1:14-2141-JMC (D.S.C. June 3, 2014).[1]

---

[1] A district court may take judicial notice of materials in the court's own files from prior proceedings. See United States v. Parker, 956 F.2d 169, 171 (8th Cir. 1992); Fletcher v. Bryan, 175 F.2d 716, 717 (4th Cir. 1949).



The court denied Plaintiff permission to proceed *in forma pauperis* in the prior case and further found that Plaintiff's claims should be summarily dismissed because he failed to establish subject matter jurisdiction and alleged claims which were legally and factually frivolous. Id. at ECF Nos. 16, 20. As discussed below, the instant Complaint also raises frivolous claims that should be dismissed in the interests of judicial economy and efficiency. See Aloe Creme Labs., Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970) ("The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time.").

In the present case, Plaintiff attempts to establish subject matter jurisdiction by alleging a violation of his constitutional rights by the defendant. (ECF No. 1 at 7.) Victims of a constitutional violation perpetuated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory authorization for such suits. See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 397 (1971). However, under the principle of sovereign immunity, individuals may not sue the United States or its agencies without their consent. See FDIC v. Meyer, 510 U.S. 471, 484-86 (1994) (declining to extend Bivens to permit suit against a federal agency); Global Mail Ltd. v. United States Postal Service, 142 F.3d 208, 210 (4th Cir. 1998) (federal governmental entity entitled to sovereign immunity unless Congress waives that immunity and consents to suit). "[T]he United States has not waived sovereign immunity in suits claiming constitutional torts." Reinbold v. Evers, 187 F.3d 348, 355 n.7 (4th Cir. 1999). Thus, to the extent Plaintiff asserts a constitutional violation against the United States under Bivens, the case is subject to summary dismissal as legally frivolous because Plaintiff names a defendant who is immune from suit. See Ross v. Baron, 493 F. App'x 405, 406 (4th Cir. 2012) ("[F]rivolous complaints are subject to summary dismissal pursuant to the inherent authority of the court").

In addition, "allegations that seem delusional, irrational, and wholly beyond belief" are considered factually frivolous.  <u>Brunson v. United States Dep't of Justice of Fed. Bureau of Investigation</u>, C/A No. 3:11-2569-JFA-PJG, 2011 WL 6122585, at *2 (D.S.C. Oct. 24, 2011) (finding claim that defendant placed an electronic device into the plaintiff's body at birth "fantastic, fanciful, and delusional"), <u>adopted</u> <u>by</u> 2011 WL 6122747 (D.S.C. Dec. 9, 2011); <u>see</u> <u>also</u> <u>Brock v. Angelone</u>, 105 F.3d 952, 953-54 (4th Cir. 1997) (dismissing appeal as frivolous and finding plaintiff's allegation that he was being poisoned or experimented upon via an ingredient in pancake syrup fanciful or delusional).  Plaintiff's allegations concerning his victimization by unidentified officials in the Executive Branch using Blue Beam energy weaponry appear to be such irrational and delusional types of claims.  Therefore, the Complaint's allegations are also subject to summary dismissal as factually frivolous.  <u>See</u> <u>Chong Su Yi v. Soc. Sec. Admin.</u>, 554 F. App'x 247, 248 (4th Cir. 2014) (affirming dismissal of factually and legally frivolous claims in a fee-paid *pro se* case).

Finally, because Plaintiff fails to state a cognizable federal claim, the court should decline to exercise supplemental jurisdiction over any state law causes of action raised in the Complaint. <u>See</u> 28 U.S.C. § 1367(c)(3); <u>see also</u> <u>Tigrett v. Rector and Visitors of the Univ. of Va.</u>, 290 F.3d 620, 626 (4th Cir. 2002) (affirming district court's dismissal of state law claims when no federal claims remained in the case).

### III.   Conclusion

For the foregoing reasons, it is recommended that Plaintiff's motion to proceed *in forma pauperis* be denied.  (ECF No. 2.)  If the district judge accepts this recommendation, Plaintiff would have fourteen days from the date of the order denying *in forma pauperis* status to submit the required filing fee.  If Plaintiff fails to pay the filing fee within the specified time period it is recommended that the case be dismissed without prejudice.  However, because Plaintiff's claims



are factually and legally frivolous, it is further recommended that the Complaint be dismissed without prejudice even if the filing fee is submitted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

November 7, 2014
Columbia, South Carolina

*The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>Robin L. Blume, Clerk
>United States District Court
>901 Richland Street
>Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).