**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION**

| | | |
|---|---|---|
| Matthew Cabbil, | ) | Civil Action No. 1:14-cv-04122-JMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| The United States of America, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Matthew Cabbil, proceeding *pro se*, brought this action seeking relief pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) D.S.C.

This matter is before the court on Plaintiff's Complaint (ECF No. 1) and Motion for Leave to Proceed *in Forma Pauperis* (ECF No. 2). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(g) D.S.C., the matter was referred to United States Magistrate Judge Paige J. Gossett for pretrial handling. On November 7, 2014, the Magistrate Judge issued a Report and Recommendation (the "Report") recommending that Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* be denied and in the event Plaintiff submitted the filing fee that the Complaint be dismissed without prejudice. (ECF No. 11.) Plaintiff has filed an Objection to the Report (ECF No. 14) as well as a Supplemental Objection to the Report (ECF No. 20.) For the following reasons, the court **ADOPTS** the Report (ECF No. 11), **SUMMARILY DISMISSES** Plaintiff's Complaint without prejudice, and **DENIES** Plaintiff's Motion for Leave to Proceed *in Forma Pauperis*.

    **I.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

The Report contains a thorough recitation of the relevant factual and procedural background of the matter. (*See id*.) The court concludes upon its own careful review of the

1

record that the Report's factual and procedural summation is accurate, and the court adopts this summary as its own. The court will only recite herein background facts pertinent to the analysis of Plaintiff's Objection.

On October 22, 2014, Plaintiff filed a Complaint (ECF No. 1) and an Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 2), which the Magistrate Judge construed as a Motion for Leave to Proceed *in Forma Pauperis*. (ECF No. 11 at 1.) The Report stated that Plaintiff had represented he was a dependent who may receive income from an unspecified source, has approximately $1,500 in savings and checking accounts, owns an automobile, and has no regular monthly expenses, debts, or financial obligations. (*Id*. at 1.) The Magistrate Judge advised denying Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* after reviewing the information presented to the court. (*Id.* at 2.)

Plaintiff alleges in his Complaint that he has been "victimized by a psychological operation involving directed energy weaponry . . . known as Blue Beam." (ECF No. 1 at 3.) Plaintiff claims this operation could "only be performed under orders from the Executive Branch." (*Id.* at 6.) Plaintiff claims "[his] private and public life have been impeded" by Blue Beam. (*Id.* at 7.) Plaintiff requests that the court address: "(1) why [he has] been targeted, (2) why the situation was allowed to deteriorate, (3) the violations of [his] state and federal constitutional rights, (4) the laws being invoked to do so, (5) the refusal to separate church and state, (6) the deliberate affectation of [his] potential (the Human Development Index), (7) the abusive use of directed energy weaponry and the inability to address it through common channels, (8) [his] nonconsensual inclusion, (9) and the conspiracy's alteration of the natural world." (*Id*.)

Plaintiff brings suit against the United States of America for violations of his

constitutional rights. (ECF No. 1 at 7.) The Magistrate Judge noted that the United States is immune from suits claiming constitutional torts under the principle of sovereign immunity. (ECF No. 11 at 5 (citing *FDIC v. Meyer*, 510 U.S. 471, 484-86 (1994); *Global Mail Ltd. v. United States Postal Service*, 142 F.3d 208, 210 (4th Cir. 1998)).) Therefore, the Magistrate Judge notes "the case is subject to summary dismissal as legally frivolous because Plaintiff names a defendant who is immune from suit." (*Id.* (citing *Ross v. Baron*, 493 F. App'x 405, 406 (4th Cir. 2012) (as supporting authority)).) The Magistrate Judge also determined Plaintiff's claim was "irrational and delusional" (*id.* at 6) and therefore subject to summary dismissal (*Id.* (citing *Chong Su Yi v. Soc. Sec. Admin.*, 554 F. App'x 247, 248 (4th Cir. 2014)).) For those reasons the Magistrate Judge recommended Plaintiff's Complaint be summarily dismissed without prejudice. (*Id.* at 7.)

Plaintiff filed an Objection to the Report (ECF No. 14) on November 24, 2014, as well as a Supplemental Objection, filed on March 11, 2015. (ECF No. 20.) Plaintiff's Objection offers further evidence and explanations of Project Blue Beam. (ECF No. 14.) Plaintiff's Supplemental Objection also offers further evidence and explanations for the court's consideration. (ECF No. 20.)

## II.     LEGAL STANDARD

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court reviews *de novo* only those portions of a magistrate judge's recommendation to which specific objections are filed, and reviews those portions which are not objected to – including those portions to which only "general and conclusory" objections have been made – for clear error. *Diamond v. Colonial Life*

3

*& Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

Objections to a Report and Recommendation must specifically identify portions of the Report and the basis for those objections. Fed. R. Civ. P. 72(b). Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91 & n.4 (4th Cir. 1984). In the absence of specific objections to the magistrate judge's report, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F. 2d 198, 199 (4th Cir. 1983).

As Plaintiff is a *pro se* litigant, the court is required to liberally construe his arguments. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The court addresses those arguments that, under the mandated liberal construction, it has reasonably found to state a claim. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).

### III.     ANALYSIS

The only mention made of the filing fee in Plaintiff's Objection is "[t]he $450 fee has been included." Therefore, the court concludes that, even with a liberal construction of Plaintiff's Objection, Plaintiff has not objected to the denial of his Motion to Proceed *in Forma Pauperis*. In the absence of a specific objection to the Report's recommendation to deny the Motion to Proceed *in Forma Pauperis* the court need not provide any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F. 2d 198, 199 (4th Cir. 1983).

Plaintiff attempts to offer further evidence and explanations of what Plaintiff refers to as

4

"Blue Beam" in his Objection (ECF No. 14) and in his Supplemental Objection (ECF No. 20) in order to rebut the characterization of his Complaint as "delusional or fallacious" and therefore subject to summary dismissal. However, Plaintiff's Objection and Supplemental Objection are comprised of the same allegations the Magistrate Judge characterized as "irrational and delusional" in her Report. Therefore, Plaintiff has not raised any specific objections to the Report, and in the absence of any specific objections, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983): *Brunson v. U.S. Dept. of Justice of Fed. Bureau of Investigation*, C/A No. 3:11-cv-2659-JFA, 2011 WL 6122747, at 1 (D.S.C. Dec. 9, 2011)

### IV.    CONCLUSION

For the aforementioned reasons, the court **ADOPTS** the Report (ECF No. 11), **DENIES** Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* (ECF No. 2), and **SUMMARILY DISMISSES** Plaintiff's Complaint.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

November 9, 2015
Columbia, South Carolina

5